TRADESMEN'S NATIONAL BANK AND TRUST COMPANY, PLAINTIFF, v. CUMMINGS BROTHERS COMPANY, DEFENDANT.

Decided December 8, 1931.

For the plaintiff, *Louis B. LeDuc.*

For the defendant, *Bleakly, Stockwell & Burling.*

ELDREDGE, S. C. C. The plaintiff's suit in on a judgment re-·covered by it against the defendant, in Common Pleas Court No. 5 of Philadelphia, Pennsylvania. Judgment was entered in that court against the defendant, and damages assessed ·on July 15th, 1931. The suit in New Jersey was commenced ·on August 12th, 1931, and the defendant was served on August 20th, 1931. On August 28th, 1931, defendant en-

tered an appeal from the Common Pleas judgment in Pennsylvania to the Supreme Court of that state but filed no bail or appeal bond. The defendant's answer to the present suit sets up as a defense the fact that this appeal was taken from the Common Pleas judgment in Pennsylvania. The plaintiff now moves to strike the answer on the ground that the appeal referred to does not act as a *supersedeas* in the State of Pennsylvania and that therefore does not operate as a bar to the prosecution of a suit on that judgment, in the State of New Jersey.

This contention on the part of counsel for the plaintiff raises the principal question for the decision of the court in this matter. There are, however, aside from this main question, two others which must be disposed of.

In the first place, counsel for the defendant alleges that proof supporting the plaintiff's contention should be by depositions and not by *ex parte* affidavits. This contention, however, cannot be sustained. The Practice act of 1912 (2 *Cum. Supp. Comp. Stat., p.* 2816, § 15) provides for the striking out of frivolous and sham defenses and the entry of summary judgment. Rule 81 of our Supreme Court provides that "the motion to strike out shall be made upon affidavit of the plaintiff or that of any other person cognizant of the facts verifying the cause of action; and stating the amount claimed and his belief that there is no defense to the action." This method of proof has been passed upon and approved in the cases of *John Eisele and Nathaniel King, partners,* v. *Elias Raphael,* 90 *N. J. L.* 219; *Danehower* v. *Birch, Jr.,* 97 *Id.* 193.

The affidavit of Edwin Williams, vice-president of the plaintiff bank, complies with the above quoted rule. The O'Brien affidavit is introduced in support of Williams' statement that there is no defense to the plaintiff's suit.

In the second place, counsel for the defendant contends that the method of proving the law of the State of Pennsylvania, namely, by affidavit of a Pennsylvania lawyer, is not the proper method of proof. This contention is answered by *Title Guarantee and Trust Co.* v. *Trenton Potteries Co.,* 56 *N. J. Eq.* 441, and further by the fact that the pamphlet

laws of Pennsylvania and the reports of the decisions cited in the O'Brien affidavit were presented to the court at the time of argument. Our statute makes these admissible in evidence. See *Comp. Stat.*, p. 2228, § 24, and p. 2229, § 26.

Having disposed of these two questions, it remains to consider the main question above referred to, namely, whether the pending appeal in Pennsylvania will operate as a defense in an action brought in New Jersey on the Pennsylvania judgment. The general rule respecting the effect of an appeal is stated in 15 *Ruling Case Law* 942, as follows:

"The rule is well settled that the pendency of an appeal does not prevent an action on a foreign judgment if the appeal does not operate as a *supersedeas*, or stay of proceedings in the jurisdiction wherein it was rendered or if there has not been a compliance with the requisite conditions to obtain a *supersedeas*."

This rule was followed in the State of New Jersey in *Suydam* v. *Hoyt*, 25 *N. J. L.* 230, and so far as the court is able to determine is still the law in New Jersey today, this case having been cited with approval in *McCusker* v. *Commonwealth Casualty Company*, 106 *Id.* 116. Unless then the appeal taken in Pennsylvania acts as a *supersedeas*, the plaintiff's motion must prevail. An examination of the statutes and decisions of the Pennsylvania courts leads to the conclusion that where a money judgment has been entered against a defendant in the Common Pleas Court of Pennsylvania and the defendant perfects an appeal therefrom to the Supreme Court but does not file within three weeks from the date of the entry of such judgment in the said Court of Common Pleas from which the appeal is taken, bail or bond with proper security in double the amount of the judgment and costs accrued or likely to accrue, the appeal does not act as a *supersedeas* of execution issuing subsequent to the appeal, and the judgment creditor has the right to issue execution regardless of the appeal and to collect the amount of judgment with costs in regular order. The appeal in Pennsylvania then not operating as a *supersedeas*, the plaintiff must succeed, provided the proceedings taken in Pennsylvania,

after judgment in the Common Pleas Court, constitute an appeal. The transcript of the docket entries referred to a *certiorari* from the Supreme Court. The rules of the Pennsylvania Supreme Court and the affidavits filed, however, lead to the conclusion that what is designated as a *certiorari* in the docket is but the designation of an order constituting one of the steps in an appeal.

The motion to strike the answer will therefore be granted.