ABE ZEBLE, PLAINTIFF, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, ELIZABETH GETTLEMAN, MORRIS GETTLEMAN, CHARLES GETTLEMAN, JOSEPH FARRINGTON AND FRED SIRIS, JOINTLY AND SEVERALLY, DEFENDANTS.

Decided March 29, 1945.

For the plaintiff, *Alexander Blatt.*

For the defendant The Prudential Insurance Company of America, a corporation, *Smathers, Scott & Munyan.*

BURLING, C. C. J. and S. C. C. Motion has been made by the remaining defendant, The Prudential Insurance Company of America, a corporation, in the above entitled cause to strike out the first, second, third and ninth counts of the complaint in the above entitled cause which are the counts of the complaint applicable to this defendant.

As a prelude to the defense of this motion an application has been made by the plaintiff for "leave to subpœna the bank account of Charles Gettleman, Elizabeth Gettleman, and Morris Gettleman, to ascertain whose funds purchased premises 110 Roosevelt Place, Atlantic City, New Jersey; and to apply for leave to examine and subpœna Elizabeth Gettleman, Morris Gettleman and Charles Gettleman to appear before said court at such time and place as may be designated and fixed by said court for the purpose of giving oral testimony pertaining to the offer for the purchase of the aforesaid premises and the purchase. And that the Defendant, The Prudential Insurance Company, be ordered to produce for inspection by the Plaintiff an original and three copies of an agreement dated June 7th, 1943, signed by Elizabeth Gettleman, Prudential Insurance · Company or its representatives, and Abe Zeble. And said application is in compliance with a Petition of the Plaintiff, a copy of which is hereto annexed and made a part hereof. And, further, that said proof be received and considered by said Court in connection with the determination of the motion made on behalf of the Defendant, The Prudential Insurance Company, herein to strike Plaintiff's complaint filed in this cause, notice of which motion is on file herein."

Upon the argument of the motion for leave as aforesaid the defendant offered to produce for inspection by the plaintiff the original and two executed copies of the agreement dated June 7th, 1943, entitled "Offer to purchase" referred to in the petition, in possession of the defendant, it being asserted that the third copy was not in possession of the defendant.

It is conceded that the usual and customary procedure on motions to strike upon the ground that the complaint is sham is by affidavit. *R. S.* 2:27–124; *N. J. S. A.* 2:27–124, which authorizes such motions does not prescribe the method for presenting proofs in support thereof. Rules of procedure for this court anticipate the necessary proofs on motions to strike answers and for entry of summary judgment. Supreme Court rules 80 to 85; *N. J. S. A. tit.* 2. Rule 85 provides that the rule relevant to striking out frivolous or sham pleas shall be applicable to motions to strike out complaints. It is by

this latter rule that practice for presenting affidavits to strike out a complaint is authorized. *Tradesmen's National Bank and Trust Co.* v. *Cummings Brothers Co.* (*Supreme Court,* 1931), 9 *N. J. Mis. R.* 1333 (at *p.* 1334); 157 *Atl. Rep.* 386.

It is contended that the right to direct the taking of testimony of witnesses by or under the direction of the court to be used in support of or in defense of motions to strike is an inherent and discretionary power of the court. Assuming that such inherent power exists, a diligent search through the reported cases of the state and the standard and recognized text books relating to New Jersey practice did not divulge a reported case wherein such procedure was resorted to. In *Muhlenbeck* v. *West Hoboken* (*Supreme Court,* 1923), 2 *N. J. Mis. R.* 7, the inference from a reading of this case is that application was made to take testimony upon the issue of a sham plea and it was denied, upon the ground it would have served no practical legal purpose in that cause.

It is true that the want of precedent has never been considered as a bar to appropriate action, still in the light of accepted practice, resort to the procedure applied for should not be made unless it is mandatory in the due administration of justice. The court should not accept an invitation into a speculative inquiry and fishing expedition.

The plaintiff stems his right to recover against the defendant upon a contract for the payment of commissions to him as a real estate agent which contract admittedly required the approval of the Finance Committee of the defendant (paragraph 13 of the first count of the complaint). To support the proof of the plaintiff in this respect, the taking of the testimony of Elizabeth Gettleman, Morris Gettleman and Charles Gettleman, three of the original defendants, and the examination of their bank accounts would serve no legal purpose. The cause of action asserted by the plaintiff against the defendants, Elizabeth Gettleman, Morris Gettleman, Charles Gettleman, Joseph Farrington and Fred Siris, upon a previous motion to strike the complaint as to them, was admittedly based upon asserted applicability of the principles set down by the Court of Errors and Appeals in the case of *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582; 175 *Atl. Rep.* 62. The *gravamen* of the

cause of action against this defendant is not asserted in accordance with said principles. Count 9 of the complaint which incorporates by reference count 4 of the complaint and particularly paragraph 9 thereof do not charge this defendant with unjustifiable and malicious interference with plaintiff's business.

No allegation is made of the refusal of Elizabeth Gettleman, Morris Gettleman and Charles Gettleman to execute an affidavit of the pertinent facts.

Assuming that the court has the power to order the testimony of the witnesses to be taken and used in support of the defense of a motion of this nature, there is no special reason why the power should be exercised, and the exercise of a sound discretion leads to refuse it in the motion *sub judice*.

An appropriate rule may be presented.