ALDRICH *v.* ALDRICH ET AL.

No. 55.   Argued October 24, 1963.—Decided November 12, 1963, that
questions be certified to Supreme Court of Florida.—Questions
certified to Supreme Court of Florida December 16, 1963.—
Decided June 22, 1964.

*Herman D. Rollins* argued the cause and filed a brief
for petitioner.

Submitted by *Charles M. Love* for respondents on the
brief in opposition to the petition for writ of certiorari.

PER CURIAM.

Petitioner, Marguerite Loretta Aldrich, was granted a
divorce from M. S. Aldrich by the Circuit Court of Dade
County, Florida, in 1945.   The jurisdiction of that court
to award the divorce was not contested then, nor is it con-
tested in this action.   M. S. Aldrich was ordered by the
Court to pay petitioner $250 a month as permanent ali-
mony, and the decree provided that "said monthly sum
of $250.00 shall, upon the death of said defendant
[husband], become a charge upon his estate during her
[petitioner's] lifetime . . . ."   There was no prior ex-
press agreement between the parties that the estate would
be bound.   Subsequently, the husband petitioned the
Florida court for a rehearing, which was denied, but the

court reduced alimony from $250 to $215 per month. No appeal was taken by either party.

M. S. Aldrich died testate, a resident of Putnam County, West Virginia, on May 29, 1958. His will was duly probated in Putnam County and petitioner filed a claim against the estate for alimony which had accrued after the death of her former husband. The appraisal of the estate showed assets of $7,283.50. Petitioner commenced this action in the Circuit Court of Putnam County, West Virginia, in order to have her rights in the estate determined. She also demanded that certain allegedly fraudulent transfers of real and personal property made by M. S. Aldrich be set aside and the properties which were the subject of such transfers administered as a part of the estate, so as to be subject to her claim for alimony under the Florida divorce decree.

On motion for summary judgment by the defendants, the Circuit Court of Putnam County held that the decree of the Florida divorce court was invalid and unenforceable insofar as it purported to impose upon the estate of M. S. Aldrich an obligation to pay alimony accruing after his death. The Supreme Court of Appeals of West Virginia affirmed the judgment, 147 W. Va. 269, 127 S. E. 2d 385. It characterized the controlling question in the case as

"whether the judgment . . . to the extent that it awards alimony to accrue after the death of M. S. Aldrich and makes the alimony so accruing a charge upon his estate, is a valid judgment which is entitled to full faith and credit in the courts of this state; for if such judgment is not entitled to such full faith and credit the question of its enforcibility against the property and assets formerly owned by M. S. Aldrich becomes unimportant and need not be considered or discussed." 147 W. Va., at 274, 127 S. E. 2d, at 388.

Recognizing that, as required by the Full Faith and Credit Clause, Art. IV, § 1, of the Federal Constitution,

"a judgment of a court of another state has the same force and effect in this state as it has in the state in which it was pronounced," 147 W. Va., at 275, 127 S. E. 2d, at 388, the court also noted that " 'no greater effect is to be given to it than it would have in the state where it was rendered.' " *Ibid.*, 127 S. E. 2d, at 389. Although apparently not questioning the power of Florida to impose a charge upon the estate, the court concluded that such a charge was, absent express agreement by the parties to the divorce, improper under Florida law and that "the judgment awarding such alimony was void and of no force and effect under the law of the State of Florida in which such judgment was rendered and will not be given full faith and credit in the courts of this state." 147 W. Va., at 283, 127 S. E. 2d, at 393. We granted certiorari, 372 U. S. 963, to decide whether West Virginia had complied with the mandate of the Full Faith and Credit Clause.

Being uncertain regarding the relevant law of Florida and believing that law to be determinative of the effect to be given the Florida judgment, we certified (375 U. S. 75, 375 U. S. 249, 251–252) the following questions of state law to the Florida Supreme Court, pursuant to Rule 4.61 of the Florida Appellate Rules:

1. Is a decree of alimony that purports to bind the estate of a deceased husband permissible, in the absence of an express prior agreement between the two spouses authorizing or contemplating such a decree?

2. If such a decree is not permissible, does the error of the court entering it render that court without subject matter jurisdiction with regard to that aspect of the cause?

3. If subject matter jurisdiction is thus lacking, may that defect be challenged in Florida, after the time for appellate review has expired, (i) by the representatives of the estate of the deceased husband or (ii) by persons to whom the deceased husband has allegedly transferred part of his property without consideration?

4. If the decree is impermissible but not subject to such attack in Florida for lack of subject matter juris-

diction by those mentioned in subparagraph 3, may an attack be successfully based on this error of law in the rendition of the decree?

The Florida court, in answer to our certification, has determined that although the award of alimony purporting to bind the estate was not proper under Florida law, the court rendering the decree did not thereby lose its jurisdiction over that part of the case. It further decided that "when the husband failed to take an appeal and give a reviewing court the opportunity to correct the error, the decree of the Circuit Court on such question passed into verity, became final, and is not now subject to collateral attack." 163 So. 2d 276, 284. Having given a negative answer to both the first two questions, the court believed it unnecessary to consider the latter two questions. We accordingly take the passage quoted above as meaning that collateral attack on any ground would not have been sustained.

Given the answers of the Florida court, it becomes plain that the judgment of the Supreme Court of Appeals of West Virginia, based as it was on a misapprehension regarding the law of a sister State, cannot stand. The Florida alimony decree must be treated as if it were perfectly correct under substantive principles of Florida law. It cannot be argued that a rule of law imposing a burden on the estate of a divorced man who has had his day in court violates due process, and if the judgment is binding upon him, it is also binding on those whom Florida law considers to be in privity with him, so long as Florida does not seek to bind those who cannot be bound consistent with due process. That West Virginia must give the decree of alimony as broad a scope as that it has in Florida is clear, see *Johnson* v. *Muelberger,* 340 U. S. 581, and is questioned neither by the Supreme Court of Appeals of West Virginia nor by respondents.

The judgment below is reversed, and the case remanded for proceedings not inconsistent with this opinion.

*It is so ordered.*