**UNITED STATES of America**

v.

**Lawrence B. STEPHENS and Cecelia C. Stephens.**

**Civ. No. 3–79–37.**

United States District Court, E. D. Tennessee, N. D.

April 24, 1979.

John Cary, U. S. Atty., Richard Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Charles E. Rader, Knoxville, Tenn., Howard James Marx, Norfolk, Va., J. D. Lee, Knoxville and Madisonville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This interpleader action was filed by the United States pursuant to 28 U.S.C. §§ 1335 and 1397. Plaintiff has deposited $3,016.10 into the Registry of the Court, representing money plaintiff owes defendant Lawrence Stephens as naval retirement benefits. Defendant Cecelia Stephens has obtained judgment from the Juvenile and Domestic Relations Divisions of the General District Court of the City of Virginia Beach, Virginia against Lawrence Stephens. Based upon said judgment, a garnishment has issued ordering plaintiff to pay to Cecelia Stephens naval benefits owed Lawrence Stephens. Lawrence Stephens has obtained an injunction from the Chancery Court for Knox County enjoining plaintiff from paying said benefits to Cecelia Stephens. Plaintiff asks that this Court determine which party is entitled to Lawrence Stephens' benefits. Both defendants have moved for summary judgment.

The undisputed facts of this case may be summarized as follows. The defendants were divorced in Florida in 1965. Child support and alimony were awarded to Cecelia Stephens. Beginning in 1967 and for several years thereafter, defendants freely litigated the terms and conditions of the divorce decree in the courts of the State of Virginia. On at least one occasion Lawrence Stephens petitioned in Virginia to have his obligations under the divorce decree modified.

On May 16, 1974, the Circuit Court of Virginia Beach entered judgment against Lawrence Stephens in favor of Cecelia Stephens for $7,525.70. On February 7, 1975, Cecelia Stephens filed suit on said judgment in the Chancery Court of Knox County. On July 17, 1975, the Circuit Court of Virginia Beach vacated said judgment on the ground of lack of jurisdiction. Subsequently, on December 22, 1975, the Chancellor ruled in Tennessee that the Virginia judgment obtained on May 16, 1974 was void. On November 20, 1975, Cecelia Stephens filed a petition for $10,832.62 in the Juvenile and Domestic Relations Court of Virginia Beach. This petition, in accordance with the Uniform Reciprocal Enforcement of Support Act, was forwarded to the Fourth Circuit Court of Knox County, which issued summons for Lawrence Stephens to answer on January 12, 1976. A final judgment was entered in the Fourth Circuit case on April 2, 1976. Pursuant to a partial settlement, the terms of which are hotly disputed, the Fourth Circuit Court ordered Lawrence Stephens to pay to Cecelia Stephens $2900. The judgment also provided that "all future alimony payments shall be discontinued with the entry of this Final Judgment."

In the most recent round of litigation between the defendants, both parties failed to appear in valid judicial proceedings. On

July 21, 1976 Cecelia Stephens filed a petition in the Juvenile and Domestic Relations Court of Virginia Beach. Service was made upon Lawrence Stephens, but no appearance was entered on his behalf. On August 13, 1976, judgment was entered against Lawrence Stephens for $7,380.95. On January 5, 1977, Lawrence Stephens filed an action in Chancery Court of Knox County against Cecelia Stephens and the Department of the Navy for an injunction barring payment of his retirement benefits to Cecelia Stephens. On March 31, 1977, a default judgment was entered against Cecelia Stephens for failure to answer. The Chancery Court also issued an injunction enjoining plaintiff from paying Lawrence Stephens' benefits to Cecelia Stephens.

■■■ Lawrence Stephens appears to make two claims. His first claim is that the courts of Tennessee, in the exercise of proper jurisdiction, have found that the courts of Virginia lack jurisdiction over him. This is not the case, nor could it be. Lawrence Stephens freely appeared over the course of several years before the courts of Virginia in matters involving his obligations under the divorce decree. His attempts to have the terms of the Florida divorce decree altered certainly prevent him from now claiming that the Virginia courts do not have jurisdiction over all matters relating to alimony and child support. The decision by the Chancery Court of Knox County in 1975 represented a finding only that a particular Virginia proceeding against Lawrence Stephens adjudged void in Virginia, was void. The most recent Tennessee Chancery Court proceeding represented merely a default with no findings on the merits. The Virginia judgment and garnishment at issue here was entered by a court of competent jurisdiction. As such it was entitled to full faith and credit even if an erroneous decision. *See Aldrich v. Aldrich*, 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020 (1963). A Tennessee Court could not simply set aside such a decision.

■■■ Lawrence Stephens' second claim is that the final judgment entered by the Fourth Circuit Court of Knox County on April 2, 1976 extinguished any further obligations on his part to Cecelia Stephens. This claim has both a legal and factual aspect. As a matter of law, Lawrence Stephens claims that the decision by the Tennessee Court operated as a final adjudication of his alimony and child support obligations. The Reciprocal Enforcement statute, Tenn.Code Ann. §§ 36–901 *et seq.*, under which Cecelia Stephens appeared before the Fourth Circuit Court, simply does not empower a Tennessee court to render void the valid orders of a foreign jurisdiction. *See Hester v. Hester*, 59 Tenn.App. 613, 443 S.W.2d 28 (1968). Pursuant to the Act, a Tennessee court may modify a foreign support judgment for the limited purposes of its own enforcement, *see Koehler v. Koehler*, 559 S.W.2d 944 (Tenn.Ct.App.1978), but such action by the court does not affect the underlying validity of the foreign decree. In this case, Virginia has issued its own garnishment. Cecelia Stephens is not seeking the aid of the courts of Tennessee for enforcement. Therefore, Virginia's own order is valid.

■■■ Lawrence Stephens raises a much more serious claim by alleging that Cecelia Stephens agreed to the termination of all future alimony payments pursuant to a partial settlement of the Fourth Circuit case. Such an agreement on the part of Cecelia Stephens would serve as an absolute bar to future recovery of alimony notwithstanding the limited nature of the jurisdiction of the Tennessee court.

Lawrence Stephens' difficulty in raising this defense is that it is a defense that should have been addressed to the courts of Virginia, not to those of Tennessee, nor to this Court. When Cecelia Stephens instituted suit against Lawrence Stephens in Virginia in 1976, his proper course would have been to appear in order to contest her claim on the ground that the alleged settlement barred further proceedings.

Cecelia Stephens claims that she did not agree to a settlement. This contested issue should be decided by the courts of Virginia, and would have been had Lawrence Stephens appeared in 1976. However, in view

of the complex proceedings in this case, and in view of the fact that no court has yet adjudicated the issue on the merits of the nature of this settlement, this Court does not feel that justice would be served by deciding this case on the basis of a procedural default.

Accordingly, this Court will continue to hold in its registry the contested $3,016.10 pending an attempt by Lawrence Stephens to place before the appropriate Virginia court the issue of Cecelia Stephens' entitlement to further payments in view of her alleged settlement in Tennessee in 1976. It is this Court's hope that Lawrence Stephens will be permitted to litigate this issue on the merits. Both parties have been guilty of procedural irregularities and this case should not be decided by default. The Clerk will release plaintiff's funds in accordance with the ultimate decision of the Virginia court.

For the foregoing reasons, it is ORDERED that the case be, and the same hereby is, dismissed.

Order Accordingly.