SCHWARTZ, Chief Judge.
The petitioners are the holders of a Massachusetts judgment against the respondents, which was duly recorded in Florida under the Florida Enforcement of Foreign Judgments Act, sections 55.501-509, Florida Statutes (1993). They seek certiorari review of an order staying execution on the recorded judgment, without the posting of a superse-deas bond, until the disposition of a pending appeal of the underlying judgment in Massachusetts. The basis for the ruling was that under Massachusetts law, the appeal itself similarly effects a stay of execution without supersedeas. We agree with that determination and therefore deny certiorari.
The order under review succinctly and correctly both states and resolves the issue:
Plaintiffs obtained a judgment against defendants in Massachusetts in July, 1993. The defendants appealed that judgment in August, 1993. One year later, in August, 1994, the plaintiffs recorded their judgment with the Clerk of the Dade County Court and instituted garnishment proceedings.
A defendant filed his motion for stay. His motion and affidavit represent to this Court that Rule 62(d), Massachusetts *147 Rules of Civil Procedure provides for an automatic stay of a judgment pending appeal, without a supersedeas bond.
SCG Travel Inc. v. Westminster Financial Corp., 583 So.2d 723 (Fla. 4th DCA 1991) argues that “... an unconditional stay might deprive the rights of execution granted in the rendering state”. These plaintiffs do not have rights of execution in Massachusetts. It would be inconsistent with the Full Faith and Credit Clause, Art. IV, section 1, U.S. Const., as implemented through 28 U.S.C., section 1738, for Florida to grant plaintiffs greater rights of execution than they have in Massachusetts.
Therefore, it is
ORDERED and ADJUDGED,
That all execution is stayed as to all defendants pending a decision by the Massachusetts Court and all property is to be returned to defendants which may have been executed, [e.o.]
We entirely agree.
The full faith and credit clause of the United States Constitution provides that the judgments of the courts of each state are given the same — that is, neither more nor less — faith, credit and effect in sibling states as the state which renders them. Aldrich v. Aldrich, 378 U.S. 540, 542, 84 S.Ct. 1687, 1688, 12 L.Ed.2d 1020, 1022 (1964); Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); New York ex. rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Milwaukee County v. M.E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935). As the trial judge observed, this principle means that the Massachusetts judgment creditor cannot be permitted to levy on the defendant’s Florida assets in circumstances, like these, in which he is precluded from executing upon Massachusetts property. The authorities — although ancient, if not prehistoric — are both well reasoned and unanimous in so holding. The law is that:
[Wjhere proceedings upon a judgment are stayed for a certain period by the law of the forum where it is obtained, the judgment creditor will not be allowed, during such period, to proceed in another jurisdiction, in an action founded upon such judgment, the object of which is to obtain its satisfaction by applying thereto the assets of his debtor within this latter jurisdiction.
4 Am.Jur.2d Appeal and Error § 362 (1962); accord Briggs v. Spencer, 3 Rob. (La.) 265, 270 (1842) (“Surely, it cannot be contended that a judgment should have a greater extraterritorial effect, than it would have in the State where it was rendered. The delay of twelve months, during which all proceedings were to be suspended, was a right acquired by the defendant under the laws of Mississippi, and we are not ready to say that he could be deprived of it by proceedings had against his property in another State. The plaintiffs could not act against him in Mississippi; they were precluded from enforcing their judgment there, before the expiration of one year ... The attachment was, in our opinion, prematurely sued out, and the action must be dismissed.”); Wood Co. v. Berry Co., 4 Pa. Dist.R. 141, 142 (1895) (“The question, then, is, can an action of debt upon this judgment be proceeded with to judgment in this state, pending the appeal in the state of New York? ... If it shall hereafter be made to appear that the appeal in New York is, by the laws of that state, a supersedeas, we will stay the execution here, pending the final determination of that appeal.”); Annot., Pendency of Appeal from Judgment as Affecting Right to Enforce it in Another State, 5 A.L.R. 1269 (1920), and cases collected; see SCG Travel, Inc. v. Westminster Fin. Corp., 583 So.2d 723 (Fla. 4th DCA 1991) (stay of execution which requires bond in rendering state likewise requires bond in subsequent state), dismissed, 591 So.2d 185 (Fla.1991); Nowell v. Nowell, 157 Conn. 470, 254 A.2d 889 (1969), cert. denied, 396 U.S. 844, 90 S.Ct. 68, 24 L.Ed.2d 94 (1969); Tradesmen’s Nat’l Bank & Trust Co. v. Cummings Bros. Co., 9 N.J.Misc. 1333, 157 A. 386 (1931). In sum, the plaintiffs-petitioners are entitled in Florida to 100% of the faith and credit due to the Massachusetts judgment, but not 150%.
Certiorari denied.