In re Anthony J. BALLATO, Suncoast Equity Investment, Inc., pka Sun Equities, Inc., Debtors.

Bankruptcy Nos. 89–7338–8P7, 90–2000–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 21, 1995.

Donald J. Schutz, St. Petersburg, Florida, for debtor.

Terry E. Smith, Trustee, Tampa, Florida.

Dennis Levine, of Kass Hodges, P.A., Tampa, Florida, for Trustee.

Angelo Marino, New York City, Claude V. Hall, South Brunswick, New Jersey, for Federal Deposit Insurance Corporation.

Douglas Frazier, United States Atty., Tampa, Florida.

Sara Kistler, Assistant United States Trustee, Tampa, Florida.

## ORDER ON OBJECTION TO CLAIM # 12 OF F.D.I.C.

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case originally commenced by voluntary Petition under Chapter 13 on October 11, 1989, later converted and then consolidated with Suncoast Equity Investment, Inc. f/k/a Sun Equities, Inc. (Suncoast). The matter under consideration is an Objection to Claim # 12 of the F.D.I.C. The allowability of the claim filed as a secured claim in the amount of $65,-840.19, plus interest, is challenged by Terry Smith (Trustee)

It is the Trustee's contention that the claim is "not secured against the property of the estate" (sic); that based on Fla.Stat. § 95.11 a Judgment entered against the Debtor in the State of New York is not enforceable against the Debtor in Florida. In its Response, The F.D.I.C. contends that the Objection of the Trustee is based on the statute of limitations which was not asserted as an affirmative defense, and therefore, was waived and the claim of the F.D.I.C. should be allowed as a claim secured by certain funds currently held in escrow by Anthony Conforti, an attorney in New York State pursuant to an Order entered on June 23, 1988, by the Supreme Court of New York in and for Suffolk County, New York.

In addition, the Debtor joined in his extremely convoluted fray by filing a memorandum in support of the Trustee's objection to the claim of the F.D.I.C. The memorandum is signed by the Debtor pro se even though it appears that at one time the Debtor had legal representation. In his Memorandum the Debtor sets forth four separate contentions in support of the Trustee's Objection. First, it is contended by the Debtor the claim of the F.D.I.C. was only against real estate which claim already expired and the F.D.I.C. has no further claim against the Debtor. This contention is based on the proposition urged by the Debtor that pursuant to the applicable law of the State of New York the claim cannot attach to the funds derived from the sale of the real property. Thus no valid claim can be asserted against the funds held by Conforti nor any claim against the Debtor in Florida where the claim is barred by the Statute of Limitations.

Second, no judgment is enforceable against the Debtor by virtue of Fla.Stat. § 95.11. According to the Debtor, this point is conceded by the F.D.I.C. although this point is certainly not apparent from the Response filed by the F.D.I.C. to the Trustee's Objection.

Third, the Full Faith and Credit Clause of the Federal Constitution "does not justify applying an unknown federal standard of confiscation when neither New York nor Florida law would allow the claim of the F.D.I.C." (sic).

Fourth, the Bankruptcy Court cannot expand its limits to award a claim for F.D.I.C. greater than it would have if the Debtor were not in bankruptcy.

The proof of claim under consideration is accompanied by the following documents: (1)

Judgment dated April 4, 1974 by the Supreme Court of the State of New York, County of New York, in favor of the American Bank & Trust Company and against Harvey Road Realty Company and Anthony Ballato. The Judgment awarded the sum of $60,000 together with interest, May 23, 1973, at the rate of 8% per annum a sum of $4,120 plus $112, or a total of $64,432.

The second document is a Judgment dated January 28, 1975, entered by the Supreme Court of the State of New York, County of New York, against the same defendant and again in favor of the same plaintiff. This Judgment awarded the sum of $1,608.19 in favor of the plaintiff.

The third document is a letter from the Sheriff of Suffolk County dated November 7, 1988, to Angela John Marino, an attorney in New York City. This is a cover letter to a letter received by the Sheriff's Department from Anthony T. Conforti. The letter advises the Sheriff that while Mr. Conforti holds $86,000 pursuant to court Order, and cannot release any of the funds without the direction of the Court, he holds no funds belonging to Anthony Ballato.

The fourth document is Described as a Turnover Proceeding consisting of several pieces of correspondence between Marino and the Sheriff's Department including a writ of execution with a request to serve the garnishee Conforti. It appears that in the interim, the American Bank & Trust Company, the holder of the two judgments described above, was placed in receivership and ultimately the F.D.I.C. was also named as co-plaintiff in all pleadings filed in connection with the proceedings instituted to enforce the payment of the two judgments. Some of the documentation includes a "Petition" filed by American and the F.D.I.C. against Sun Equities, Inc., and Anthony Conforti. Although the caption of the suit does not include the name of the Debtor the body of the text indicates that the suit was also against the Debtor. The Plaintiffs sought an order awarding the funds held by Conforti to the Plaintiffs.

It further appears that on May 15, 1988, the Plaintiffs also filed a Verified Complaint against the Debtor and Sun Equities, Inc.

(Sun). In the Complaint, the Plaintiffs asserted as the first cause of action, a fraudulent transfer of certain real property to Sun without consideration with intent to defraud present and future creditors. In the second cause of action, the Plaintiffs, based on the allegations set forth in the first cause of action, sought an order setting aside a note and mortgage held by Sun obtained from the party who purchased the real property described earlier. There is nothing attached to the proof of Claim indicating the disposition of the two Petitions, one filed on June 30, 1989, the other on December 12, 1988, or the Verified Complaint, filed On May 15, 1988. The only dispositive Order attached to the Proof of Claim is the order entered by the Supreme Court of the State of New York, in and for the County of Suffolk, on June 23, 1988, which relates to a Motion For Declaration of Priority and Modification of a Prior Order, filed by the Plaintiffs on December 28, 1987.

Even a cursory review and an analysis of the documents attached to the Proof of Claim leaves no doubt that none of the documents attached are really relevant to the real issues under consideration, that is, does the F.D.I.C. have an allowable secured claim in this Chapter 7 case, or in the alternative, does the F.D.I.C. have an allowable unsecured claim against this Debtor, Anthony T. Ballato?

■ The answer to the first part of the question is not very difficult because this record indicates without peradventure that assuming without conceding that the Plaintiffs did perfect a judgment lien under the laws of the State of New York, this Debtor had no property in New York on the date of the commencement of this case which in turn became property of the estate to which a judgment lien, if there was one, did attach. (See Exhibit A, # 3—Letter of Conforti).

■ This leaves for consideration the remaining question, which is, does the F.D.I.C. have a "claim" and, second, if it does, is the claim allowable? The first question is easy again. Under the expanded definition of the term "claim" contained in § 101(5) of the Code, a claim is a right to payment whether

or not the claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, etc. It is evident from the foregoing that the F.D.I.C. holds a "right to payment." The question still remains, however, is this claim allowable pursuant to Section 502 of the Code?

Section 502 provides that a claim shall be allowed unless it falls within the exceptions to the allowance set forth in sub-clause (b) of Section 502. In support of the Objection to the allowance both the Trustee and the Debtor rely on sub-clause (1) which provides that a claim which is unenforceable against the debtor under the applicable law cannot be allowed. According to the Trustee the applicable law is Florida Statute § 95.11 which provides that an action on a judgment or decree of any court, not of record of the State of Florida must be commenced within five years from the entry of the judgment or be barred by the statute of limitations. The underlying judgment in the present instance was a money judgment and was entered in 1974. The Debtor subsequently established his residence in the state of Florida in 1979. The F.D.I.C. did not take any collection action on the judgment until 1989, well beyond the five years provided by § 95.11. This being the case, this Court is satisfied that the claim of the F.D.I.C. is unenforceable, and by virtue of § 502(b) must be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection be, and the same is hereby, sustained and claim # 12 filed by the F.D.I.C. is disallowed in toto.

DONE AND ORDERED.