766 So.2d 239 (2000)
Betty O. MUKA, Assignee, Appellant,
v.
HORIZON FINANCIAL CORPORATION, and Michael D. Hackney, Appellees.
No. 4D98-3098.
District Court of Appeal of Florida, Fourth District.
February 2, 2000.
Betty O. Muka, Ithaca, New York, pro se.
Gregory S. Grossman and Eduardo W. Gonzalez of Steel Hector & Davis, LLP, Miami, for appellee Michael D. Hackney.
FARMER, J.
The essential question in this appeal is unique to this state. The issue is whether a judgment creditor may register a foreign judgment in Florida that is no longer effective where rendered and has not been revived. We conclude that the judgment may not be registered here.
In 1985 a federal district court sitting in Texas rendered a money judgment in favor of Herbert Oakes and against Horizon Financial Corporation. Oakes has apparently since assigned the judgment to appellant. Under Texas law, a judgment becomes dormantthat is to say, it will no longer be enforced by the rendering courtafter the lapse of ten years, but it may be revived if an action for revival is brought within two years from the date it became dormant. More than two years after this judgment became dormant, the assignee of the judgment brought a revival action in the rendering court, arguing that the absence of the debtor from the rendering state extended the revival period. That court ruled that revival of the judgment was barred by the Texas statute of limitations. Its decision is under appeal to the federal appellate court. Meanwhile the assignee seeks to register the judgment in Florida under the Florida Enforcement of Foreign Judgments Act (FEFJA).[1] The trial judge barred registration because the judgment was no longer enforceable in the rendering state.
FEFJA provides a statutory means of enforcing foreign judgments, as an alternative to the option of bringing a new, *240 formal action on the judgment in Florida. Judgment creditors seek registration of judgments outside the state of rendition in order to reach property of the judgment debtor to satisfy their judgments in the forum of registration. The statutory scheme of registration in Florida is thus a remedy implementing the requirement of full faith and credit to the judgments of the United States and the States of the Union, the purpose of which is to allow enforcement of money judgments throughout the Union.
The requirement of full faith and credit arises under the United States Constitution and legislation passed by Congress. The Full Faith and Credit Clause and its implementing statute[2] require every state to give the same effect to judicial proceedings as the rendering state gives them. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942). These provisions provide that the judgments of the courts of each state be given the same, i.e., neither more nor less, effect in the enforcing states than they are given in the state that renders them. Aldrich v. Aldrich, 378 U.S. 540, 542, 84 S.Ct. 1687, 12 L.Ed.2d 1020 (1964); Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947). The issue raised by this case is whether FEFJA, and thus inferentially the requirement of full faith and credit, requires registration of a foreign judgment that no longer has any effect in the state that originally produced the judgment. We think not.
In Le Credit Lyonnais, S.A. v. Nadd, 741 So.2d 1165 (Fla. 5th DCA 1999), the court confronted a similar issue under a different statute. Credit Lyonnais involved the Florida Uniform Out-of-Country Money-Judgment Recognition Act (FUOMRA),[3] rather than FEFJA. FUOMRA applies to judgments rendered in foreign countries outside of the United States and thus lacks the constitutional compulsion of full faith and credit. It is however founded on one or more treaties to which the United States is bound, requiring the recognition of alien judgments as a necessary ingredient of international relations. It is thus critical that the French judgment in Credit Lyonnais was still enforceable in the jurisdiction that rendered it, unlike the federal judgment we confront in this case. Also, as the Credit Lyonnais court itself noted, FUOMRA lacks a counterpart to FEFJA section 55.502(4) which provides that:
"Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments."
The judgment debtor in this case argues that registration in Florida is barred under section 95.11(2)(a) which requires that an action "on a judgment or decree of ... any court of ... any other state" be brought within 5 years. Section 95.11(2)(a) is, of course, associated with section 95.10, which bars causes of action arising in another state if they are time-barred in the state in which they arose.
We note that in FEFJA the legislature has sought to preserve the distinction between, as here, merely registering a foreign judgment and, alternatively, bringing a formal civil action in this state on the foreign judgment. The distinction is important because, although these separate procedures both relate to enforcement of foreign judgments, they involve different consequences. Registration of a judgment is obviously derivative of the original judgment itself. That is to say, the effect of registering the judgment derives from the effect and enforceability of the foreign judgment itself. If the foreign judgment *241 is no longer enforceable, then registration ought not to be available to breathe some effectiveness into a moribund decree.[4]
On the other hand, an action on a foreign judgment yields slightly different consequences. For example, the later dormancy of the original foreign judgment would have no effect on a separate Florida judgment that resulted from a timely commenced and valid cause of action on the original judgment. Indeed the very purpose of bringing a formal civil action on the foreign judgment is to derive the benefits of holding an actual judgment rendered by the second forum instead of relying solely on the judgment of the original forum. In our opinion, it was precisely these distinctions that the Florida legislature was attempting to preserve in FEFJA section 55.502(4) in providing that "[n]othing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments."
In the context we face today, revival of the dormant judgment is akin to bringing an entirely separate action on a judgment. The notion behind these two proceedings is, for purposes of our decision in this case, nearly identical. The existence of the judgment previously entered is the foundation for both. An action on the first judgment would result in a new judgment that the creditor can enforce, and in this case the revival of the dormant judgment would also result in the ability to enforce the foreign judgment in Florida.
Under the circumstances of this case, we see no basis to distinguish between the twoeven though registration is not a conventional action, as that term is used under the rules of civil procedure.[5] As Judge Sharp observed in Credit Lyonnais, the term action is defined in the Florida statutes of limitations to encompass a mere proceeding, see § 95.011 ("A civil action or proceeding [e.s.], called `action' in this chapter...."); Credit Lyonnais, 741 So.2d at 1171, and registration under FEFJA is surely such a proceeding. Therefore we have little trouble in concluding that the bar of section 95.11(2)(a) against an "action on a judgment or decree of any court of any other state" also encompasses a proceeding to register a dormant and unrevived judgment of a foreign state.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] §§ 55.501-55.509, Fla. Stat. (1999).
[2] Art. IV, section 1, U.S. Const.; and 28 U.S.C. § 1738.
[3] §§ 55.601-55.607, Fla. Stat. (1999).
[4] We also have not overlooked, as regards public records and the appearance of possible lien rights, the infelicity of registering foreign judgments that are entirely unenforceable. When properly recorded, valid judgments create lien rights that are apparent on the public records. Registering unenforceable foreign judgments in Florida serves no purpose other than to create possible clouds on title, which itself leads to unwarranted burdens and added expenses in conveyancing title to land in this state. These concerns, we suspect, were considered by the legislature in its drafting of FEFJA.
[5] See Fla.R.Civ.P. 1.040 ("There shall be one form of action to be known as `civil action.'").