In re Stephen M. ALFORD, Cheri I. Alford, Debtors.

St. Paul Fire and Marine Insurance Company, Plaintiff,

v.

Stephen M. Alford, Debtor.

Bankruptcy No. 01–41816–PNS3. Adversary No. 01–80056.

United States Bankruptcy Court, S.D. Alabama.

Jan. 31, 2002.

John E. Venn, Jr., Pensacola, FL, for Debtor.

W. Douglas Hall, Tallahassee, FL, for Plaintiff.

## ORDER AND JUDGMENT GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT

MARGARET A. MAHONEY, Bankruptcy Judge.

This case is before the Court on the motion of the debtor for summary judgment in this case. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting the debtor's motion for summary judgment and dismissing the adversary complaint.

FACTS

The Court takes as the facts in this case those listed in paragraph one through nine in the debtor's motion for summary judgment and the facts admitted by the debtor that are contained in plaintiff's complaint. Essentially, the facts are that St. Paul Fire and Marine Insurance Company obtained a judgment for $3,469,542.50 against the debtor, Stephen M. *Alford*, in U.S. District Court in the Eastern District of Louisiana on February 26, 1996. Under Louisiana law, the judgment is valid and enforceable for ten years. The debtor moved to Florida in 1994 and has been a resident of Florida since that date. There is no allegation that debtor concealed his whereabouts at any time. On July 16, 2001, *Alford* filed a chapter 7 bankruptcy case in the Northern District of Florida with his spouse. St. Paul Fire and Marine filed this suit alleging that the debt owed to it by Stephen *Alford* based upon the judgment from the Louisiana federal district court is nondischargeable in Alford's bankruptcy case pursuant to 11 U.S.C. § 523 (1994).

LAW

The debtor asserts that St. Paul Fire and Marine's case should be dismissed because its claim against *Alford* is not enforceable in Florida. St. Paul Fire and Marine responds that the judgment is enforceable in Florida and the dischargeability or not of the judgment should be considered by this Court. The issue is whether a non-Florida judgment that was entered more than five years before the bankruptcy filing is enforceable in Florida.

When a court considers the dischargeability of a claim, the Court must determine whether the claim is "enforceable ... under ... applicable law". 11 U.S.C. § 502(b)(1) (1994). *In re Ballato*, 188 B.R. 690 (Bankr.M.D.Fla.1995). The law applicable to this debtor is Florida law since that is the place of his residence and filing.

Fla. Stat. ch. 95.11 (1995), entitled "Limitations other than for the recovery of real property" states: Actions other than for recovery of real property shall be commenced as follows:

1. WITHIN TWENTY YEARS.-An action on a judgment or decree of a court of record in this state.

2. WITHIN FIVE YEARS.—

(a) An action on a judgment or decree of any court, not of record, of this state any court of the United States, any other state or territory in the United States, or a foreign country.

*Alford* asserts that this statute limits St. Paul's right to register its judgment and enforce it in Florida to a five-year statute of limitations. Since St. Paul Fire and Marine did not register its judgment in Florida by February 22, 2001, the statute of limitations has expired and its judgment is no longer enforceable.

St. Paul Fire and Marine makes three arguments against this position. One, the judgment is enforceable under the Uniform Enforcement of Foreign Judgments Act (UEFJA). Fla. Stat. ch. 55 (1995). Two, the judgment may be "revived" in Louisiana and then enforced in an independent action brought in Florida. Three, the judgment is enforceable under the federal registration statute–28 U.S.C. § 1963 (2001). The Court will address the issues below.

■ Florida has adopted the Uniform Enforcement of Foreign Judgments Act. It provides that "foreign judgments" can be registered in the Florida state court system. A "foreign judgment" is defined at Fla. Stat. ch. 55.502(1) (1995) and includes "any judgment ... of a court of any other state or of the United States." Therefore, the judgment of St. Paul Fire and Marine is a "foreign judgment."

■ Fla. Stat. ch. 55.503 (1995) states that a judgment recorded pursuant to the UEFJA "shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state." The general purpose of the UEFJA is "to treat a registered foreign judgment as equivalent to a domestic judgment." *Le Credit Lyonnais, SA v. Nadd,* 741 So.2d 1165, 1168 (Fla.App.Dist.1999).

The problem is that Florida has not made clear what statute of limitations is to apply to a judgment recorded in Florida under the UEFJA. Is it the five-year or the twenty-year period in Fla. Stat. ch. 95.11 (1995)? The purpose of the UEFJA and Fla. Stat. ch. 55.503 (1995) would seem to indicate that the twenty-year statute should apply once the foreign judgment is recorded. However, when Florida adopted the UEFJA, it added a nonuniform provision to Fla. Stat. ch. 55.502 (1995) at ¶ 4 that states, "Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments." This provision might vitiate the effects of the UEFJA and perhaps provide a different limitations rule for foreign judgments, even when registered under the UEFJA.

The debtor asserts that the case of *Balfour Beatty Bahamas, Ltd. v. Bush,* 170 F.3d 1048 (11th Cir.1999) and the First District Court of Appeals case of *Kiesel v. Graham,* 388 So.2d 594 (Fla.App.Dist.1980) are controlling because they are the only Eleventh Circuit and First District case law on the matter. The cases held that Fla. Stat. ch. 95.11(2)(a) (1995) was controlling in a federal court case brought to enforce a Florida federal district court

judgment entered more than five years earlier in the same court. Since federal court judgments (whether from Florida federal courts or other federal courts) are "foreign judgments," enforcement of such a judgment outside the five-year window of Fla. Stat. ch. 95.11(2)(a) was not possible.

St. Paul Fire and Marine asserts that several later cases are the applicable cites. *Le Credit Lyonnais, SA v. Nadd*, 741 So.2d 1165 (Fla.App.Dist.1999) from the Fifth District held that a French judgment that was enforceable in France for thirty years after entry of judgment could be recorded in Florida more than fifteen years after entry of judgment in France. The Court held that the twenty-year limitations period in Fla. Stat. ch. 95.11(1) (1995) was applicable to judgments recorded under the Uniform Foreign Money Judgments Recognition Act (UFMJRA). The five-year limitation period did not apply. The court stated that the purpose of the UFMJRA was to "ensure the recognition and enforcement of Florida's judgments abroad" and recognizing foreign judgments would facilitate that goal. *Id.* at 1167. The court looked at decisions under the UEFJA because there were so few decisions under the UFMJRA. The Court held that there were no cases in Florida as to what section of Fla. Stat. ch. 95.11 (1995) should apply to UFMJRA judgments outside the five-year window of Fla. Stat. ch. 95.11(2)(a) (1995). The court held that the purpose of the UFMJRA and its language made recordation and recognition of the French judgment for twenty years appropriate. The Florida Supreme Court upheld that opinion in its decision of *Nadd v. Le Credit Lyonnais, SA*, 804 So.2d 1226, 26 Fla. L. Weekly S769 (Fla. 2001). St. Paul Fire and Marine asserts that, since the UFMJRA is very similar in purpose and language to UEFJA, this Court should follow Nadd and apply the twenty-year statute, validating St. Paul

Fire and Marine's suit in this court. The Supreme Court Nadd opinion, in footnote 7, notes however that the UEFJA is different than the UFMJRA because it contains the language of Fla. Stat. ch. 55.502(4) (1995) that indicates that the act "shall not be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments." St. Paul Fire and Marine also argues that Fla. Stat. ch. 95.11 (1995) does not apply to this dischargeability case because its recordation is not an "action on a judgment" as that phrase is used in the statute. St. Paul's action is not a new action to obtain a judgment; it is "only a step in the collection" of its 1996 judgment. Therefore, since the judgment is valid and enforceable under Louisiana law, this enforcement proceeding ( the dischargeability case and recordation) does not invoke any statute of limitations issues. St. Paul Fire and Marine only wants to have the debt declared nondischargeable to continue its enforcement actions. The case of *Burshan v. National Union Fire Insurance Company of Pittsburgh, PA,* 805 So.2d 835, 26 Fla. L. Weekly D1920 (Fla.Ct.App.Dist.2001) so held in a case involving a federal court judgment from New York. More than ten years after entry of the judgment in New York, the judgment creditor registered the judgment in the Southern District of Florida federal court. When the creditor sought to garnish assets of Burshan, the District Court dismissed the garnishment because it was "an action on a judgment" and prohibited by Fla. Stat. ch. 95.11(2)(a) (1995), because it was based on an eleven-year old judgment. The Court relied on *Balfour Beatty Bahamas, Ltd. v. Bush, supra,* for its decision. Burshan then filed a suit in state court against National Union seeking damages for the wrongful garnishment. The Fourth District Court of Appeals held that the enforcement action

was proper because Fla. Stat. ch. 95.11(2)(a) (1995) did not apply. Since St. Paul Fire and Marine is only seeking to enforce its prior judgment, it argues that Fla. Stat. ch. 95.11 (1995) does not apply. However, the Burshan Court specifically said its decision was in conflict with the *Kiesel v. Graham* case upon which the *Balfour Beatty* case is based.

St. Paul Fire and Marine also relies on the *Muka v. Horizon Financial Corp.* case, 766 So.2d 239 (Fla.App.Dist.2000) which gives a rationale as to how Fla. Stat. ch. 55.502(4) (1995) can be viewed as not requiring the application of Fla. Stat. ch. 95.11(2)(a) (1995) to foreign judgments. If St. Paul Fire and Marine can circumvent use of Fla. Stat. ch. 95.11(2)(a) (1995), then its judgment is still valid and enforceable.

■ This Court concludes that it must hold that the actions of St. Paul Fire and Marine in bringing this adversary is an "action on a judgment" as that term is defined in Fla. Stat. ch. 95.11 (1995) of the Florida Statutes pursuant to the authority of the Eleventh Circuit in *Balfour Beatty Bahamas, Ltd. v. Bush, supra.* That said, the Court also concludes that Fla. Stat. ch. 55.502(4) (1995) means that the limitations period for foreign judgment actions is five years. *See Le Credit Lyonnais, SA v. Nadd,* 741 So.2d 1165, 1169 (Fla.App.Dist. 1999) and *Muka v. Horizon Financial Corp.,* 766 So.2d 239, 240–41 (Fla.App.Dist. 2000) for conflicting interpretations. The Court reads Fla. Stat. ch. 55.502(4) (1995) to say that no limitations period is modified by the UEFJA as enacted by the Florida Legislature. Therefore, the five-year limitations period applies to foreign judgments. This seems to be at odds with the purpose of the Act, but the language is clear and was specifically added as a non-uniform provision by Florida. This ruling is consistent with the *Nadd* cases. They involved the UFMJRA which did not con-

tain any language like Fla. Stat. ch. 55.502(4) (1995). In that case, Fla. Stat. ch. 95.11(1) (1995) applied.

■ The second argument of St. Paul Fire and Marine is not valid either. St. Paul argues that it can revive its judgment in Louisiana so that it is a "new" ten-year judgment and then seek to have the judgment recorded in Florida under the UEF-JA. Since it will be a "new" ten-year judgment, the five-year statute of limitations will apply to the judgment and it will not be unenforceable. The Court must look at the judgment as of the filing of the bankruptcy case. It cannot speculate about what actions St. Paul Fire and Marine might take in the future. The fact is that the insurance company, the debtor, and this Court are saddled with the facts as of the filing date. Therefore, as much as St. Paul's argument is novel and may be correct, it will not apply to this case.

■ The third argument of St. Paul Fire and Marine is that the federal statute 28 U.S.C. § 1963 (2001) makes the judgment enforceable. It states:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final ... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

This statute does not help St. Paul Fire and Marine. In Florida, for the judgment to be enforceable, it must be recorded under the UEFJA. This then brings the issue back to the matters addressed above. Would any judgment of a non-Florida state court be enforceable more than five years

after entry? This Court concludes, based upon the authority of the Eleventh Circuit Court of Appeals, that it would not.

THEREFORE IT IS ORDERED that the motion of the debtor, Stephen M. *Alford,* is GRANTED and the adversary case is dismissed with prejudice.