**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**THOMAS M FROHMAN**
Indiana Legal Services, Inc.
Bloomington, Indiana

**ANDREW A. AULT**
Indiana Legal Services, Inc.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAYMOND C. TISDALE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1202-DR-138 |
| | ) | |
| CHRISTINE M. (TISDALE) BOLICK, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David D. Dreyer, Judge
Cause No. 49D10-0110-DR-1644

**October 2, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Raymond Tisdale ("Father") appeals an order of the Marion Superior Court in which the court determined that it lacked jurisdiction to consider Father's petition to modify child support. Concluding that Father has demonstrated prima facie error in the trial court's order, we reverse and remand.

**Facts and Procedural History**

On August 25, 2003, the trial court entered an order dissolving the marriage between Father and his then wife Christine (Tisdale) Bolick ("Mother"). On November 4, 2009, Mother filed a petition to transfer jurisdiction due to inconvenient forum. This petition read in relevant part:

> Comes now the Petitioner, Christine M. (Tisdale) Bolick (hereafter "Mother"), by counsel . . . and, *pursuant to I.C. 31-21-5-8*, petitions this Court to transfer *jurisdiction of custody and parenting time matters* to the state of South Carolina due to inconvenient forum in the State of Indiana. In support of this Petition, Mother states as follows:
>
> 1. On August 25, 2003, this Court entered its Findings of Fact, Conclusions of Law and Decree for Dissolution of Marriage in the above-referenced matter.
>
> 2. Mother was granted sole legal and physical custody of the parties' minor children, namely [M.B.T.], currently age 10 and [R.D.T.], currently age 8 (hereafter "the children").
>
> 3. At the time of the dissolution of marriage, Mother was also granted permission by this Court to relocate to South Carolina. The children have resided with Mother in South Carolina since 2003.
>
> 4. *Pursuant to I.C. 31-21-5-8*, this Court is an inconvenient forum and the State of South Carolina, specifically, the Family Court in the First Judicial District in Dorchester County, South Carolina, is a more appropriate forum *to determine custody and parenting time issues*.
>
> 5. Mother requests that this Court decline to exercise any further jurisdiction over the parties and the subject matter.
>
> 6. Respondent (hereafter "Father") still resides in Indiana . . . . However, with the exception of six (6) weeks of summer parenting time and one (1) week of Christmas parenting time, all of Father's parenting

2

time occurs in South Carolina. Father currently owns a second home in South Carolina and travels to South Carolina each month to spend one (1) week of parenting time with the children.

7. Pursuant to the Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage, both parties testified to their strong ties to South Carolina at their final dissolution hearing. Up until March 2000, the parties had their primary residence in South Carolina.

8. Recent events have transpired in South Carolina and an emergency hearing was held on October 29, 2009 in Dorchester County, South Carolina regarding an emergency modification of Father's parenting time.

9. Upon information and belief, Father is using alcohol in the presence of the minor children. There was substantial evidence presented at the final hearing of Father's past alcohol abuse and a custody evaluation performed by Dr. Richard Lawlor stated that "if there were any evidence that he (Father) were drinking at all when the children were with him I would see that as a basis for the Court needing to order that visitation be supervised at that point."

10. Additionally, the parties' minor son has severe asthma and allergies and while in Father's care, has been exposed to indoor secondhand smoke and allergies.

11. The court in Dorchester County, South Carolina has stayed any further proceedings in that court pending this Court's order transferring jurisdiction of this matter to South Carolina due to inconvenient forum in Indiana.

12. *Pursuant to I.C. 31-21-5-8(b)*, Mother states as follows:

   a. Domestic violence has not occurred between the parties.

   b. The children have resided outside of the state of Indiana since 2003. The children were ages 3 and 2 respectively at the time of the parties' dissolution of marriage and have now resided in South Carolina for the majority of their lives. South Carolina is the home state of the children and has been for the last six (6) years.

   c. There is significant distance between Marion County Courts and the court in Dorchester County, South Carolina.

   d. Mother does not have sufficient funds to continue to litigate this matter in the State of Indiana. Father travels to South Carolina at least once per month for parenting time with the children and has already hired counsel in South Carolina to represent him.

3

e. This court retained jurisdiction over the matters related to the children, despite the children's relocation to South Carolina.

f. The children, Mother, Step Father and the son's medical providers will offer valuable evidence to the pending litigation and all parties are located in South Carolina.

g. The Court in South Carolina is prepared to set a hearing as soon as possible *to determine whether a modification of parenting time is warranted given the circumstances*.

13. Mother requests that this Court find that Indiana is no longer a convenient forum for any further matters related to the children.

14. Mother further requests that this Court find that Dorchester County, South Carolina is the home state of the children and a more appropriate forum *to determine the current parenting time issues* between the parties.

15. Mother requests an order that allows South Carolina to assume jurisdiction and promptly transfer these matters to Dorchester County, South Carolina. Said Court is ready to assume jurisdiction of these matters as soon as possible.

16. In the event a hearing is necessary in this matter, Mother requests that this Court set such hearing as soon as possible for a fifteen (15) minute setting as parenting time issues are of the essence.

17. In the event a hearing is necessary in this matter, Mother requests leave of the court to appear for such hearing telephonically.

WHEREFORE, Petitioner prays that the Court find that Indiana is an inconvenient forum *for any further matters related to custody and parenting time issues*; find that Dorchester County, South Carolina is a more appropriate forum; immediately transfer jurisdiction of this matter to Dorchester County, South Carolina *so that parenting time proceedings may be promptly commenced in that state*; in the event that the Court requires a hearing on this matter, set an expedited hearing at the Court's earliest convenience for a fifteen (15) minute setting; allow for Mother's telephonic appearance at such hearing, for all other relief just and proper in the premises.

Appellant's App. pp. 20-23 (emphases added). Mother's petition repeatedly referred to parenting time and custody issues, but made no reference to child support issues.

Father filed a response in which he claimed that South Carolina was not a more convenient forum because the Indiana trial court would retain jurisdiction over child

4

support issues even if it granted Mother's motion to transfer custody and parenting time issues to the South Carolina court. On December 11, 2009, the trial court entered an order which stated in relevant part:

> Petitioner moves to transfer this action to Dorchester County, South Carolina *for parenting time and custody issues* due to inconvenient forum. After hearing, the Court finds that the petition to transfer should be granted.

Id. at 25 (emphasis added). Thus, the trial court granted jurisdiction over parenting time and custody issues to the South Carolina court, with no reference to issues of child support.[1]

On October 21, 2011, Father filed a request that the trial court modify his child support due to an alleged decrease in his income. On November 9, 2011, the trial court issued an order stating: "COURT HAS NO JURISDICTION OVER CASE. RESPONDENT ADVISED TO FILE PLEADINGS IN CORRECT COUNTY." Id. at 27. Father subsequently filed a motion to correct error on December 9, 2011. In this motion to correct error, Father argued that the trial court had never transferred jurisdiction of child support issues and had only transferred jurisdiction of custody and parenting time issues to the South Carolina court. The trial court denied Father's motion to correct error on January 19, 2012. Father now appeals.

**Discussion and Decision**

Father claims that the trial court erred in summarily concluding that it was without jurisdiction to hear his petition to modify Father's child support obligation. Father

---

[1] Father initiated an appeal of this order, but later filed a motion to voluntarily dismiss the appeal, which this court granted.

5

contends that he has no objection to the transfer of the issues regarding custody and parenting time to the South Carolina court, but he claims that this does not affect the trial court's authority to hear his petition to modify child support.

In considering Father's argument, we note that Mother has failed to file an appellee's brief.[2] When an appellee fails to submit a brief, the appellant may prevail by making a *prima facie* case of error. Mikel v. Johnston, 907 N.E.2d 547, 551 n.3 (Ind. Ct. App. 2009). This *prima facie* error rule protects this court and takes from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. Id. But even under the *prima facie* error rule, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Id.

Mother's petition to transfer jurisdiction to South Carolina referenced only Indiana Code section 31-21-5-8, which is part of the Uniform Child Custody Jurisdiction Act ("UCCJA").[3] Pursuant to this section:

> An Indiana court that has jurisdiction under this article to make a child custody determination may decline to exercise its jurisdiction at any time if the Indiana court determines that:
> (1) the Indiana court is an inconvenient forum under the circumstances; and
> (2) a court of another state is a more appropriate forum.

I.C. § 31-21-5-8(a). Section 8 further provides that, if an Indiana court determines that it is an inconvenient forum and that a court of another state is a more appropriate forum,

---

[2] Mother did file a pro se appearance and a pro se motion to dismiss Father's appeal on grounds of res judicata. This motion claims that Father is simply attempting to relitigate the issues the trial court considered in deciding Mother's 2009 petition to transfer jurisdiction to South Carolina. As we explain *infra*, we disagree with Mother's argument, and we have issued a separate order denying Mother's motion to dismiss.

[3] See Ind. Code §§ 31-21-1-1 through 31-21-7-3.

"the Indiana court: (1) shall stay the proceedings on condition that a child custody proceeding be promptly commenced in another designated state; and (2) may impose any other condition the Indiana court considers just and proper." I.C. § 31-21-5-8(c). Lastly, Section 8 states that:

> An Indiana court may decline to exercise its jurisdiction under this article if a child custody determination is incidental to an action for dissolution of marriage or another proceeding *while still retaining jurisdiction over the dissolution of marriage or other proceeding*.

I.C. § 31-21-5-8(d) (emphasis added). Thus, Father argues that when the Indiana trial court transferred jurisdiction of the child custody and parenting time issues to the South Carolina court, the Indiana trial court did not lose jurisdiction over the issue of child support.

Father is correct that matters of child support are governed by an entirely different Act—the Uniform Interstate Family Support Act ("UIFSA"). See Ind. Code §§ 31-18-1-1 through 31-18-9-4. Indeed, the UCCJA specifically excludes from its definition of a "child custody determination" "an order relating to child support or other monetary obligation of a person." Ind. Code § 31-21-2-4(b).

> Under UIFSA, which governs child support orders:
>
> An Indiana tribunal that issues a support order consistent with Indiana law has continuing, exclusive jurisdiction over a child support order:
> (1)  if Indiana remains the residence of the:
>      (A) obligor;
>      (B) individual obligee; or
>      (C) child for whose benefit the support order is issued; or
> (2)  until each individual party has filed written consent with the Indiana tribunal for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

7

Ind. Code § 31-18-2-5(a).

Here, the Indiana trial court issued the initial dissolution decree that contained the support order, and Father is the obligor. Thus, the Indiana trial court has continuing, exclusive jurisdiction over the child support order so long as Father, Mother, or one of the parties' children resides in Indiana, or until each party has filed in the Indiana court a written consent to the South Carolina court exercising jurisdiction over this matter. Father concedes that there is no evidence in the record regarding his residency because the trial court never held an evidentiary hearing on his petition to modify child support.[4]

We therefore conclude that Father has demonstrated *prima facie* error in the trial court's order summarily denying his petition to modify child support. Accordingly, we reverse the trial court's order and remand with instructions that the trial court hold a hearing to determine whether it still retains continuing, exclusive jurisdiction over child support issues under UIFSA.[5]

Reversed and remanded.

---

[4] Subsection 31-18-2-5(b) also provides, "[a]n Indiana tribunal that issues a child support order consistent with Indiana law may not exercise its continuing jurisdiction to modify the order *if the order has been modified by a tribunal of another state that has exercised continuing, exclusive jurisdiction over the order under a law substantially similar to this article*." Again, because there was no hearing held in this matter, there is nothing in the record before us regarding whether the South Carolina court modified the support order in such a manner that would properly deprive the Indiana trial court of its jurisdiction under this subsection.

[5] We acknowledge that the Indiana trial court transferred the entire case file to the South Carolina court when it granted Mother's 2009 petition to transfer jurisdiction over parenting time and custody issues to the South Carolina court. This appears to have been improper. When an Indiana trial court declines to exercise its jurisdiction under the UCCJA, it should "stay the proceedings on condition that a child custody proceeding be promptly commenced in another designated state." I.C. § 31-21-5-8(c). The party seeking to transfer the case to the other state should then register the Indiana order for enforcement or modification. See Ind. Code §§ 31-21-6-4, 31-21-5-3; S.C. Code §§ 63-15-358, 63-15-334. Moreover, the fact that the case file has been sent to the South Carolina court is not an insurmountable problem. Certainly, the necessary portions of the case file can be copied and/or returned to the Indiana court.

VAIDIK, J., and BARNES, J., concur.