ATTORNEY FOR APPELLANT

Cassandra A. Kruse
Emswiller, Williams, Noland & Clarke, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michael H. Hagedorn
Hagedorn Law Office
Tell City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael G. Hays,<br>*Appellant-Respondent,*<br><br>v.<br><br>Shanna Hays,<br>*Appellee-Petitioner* | January 12, 2016<br><br>Court of Appeals Case No.<br>62A04-1501-DR-33<br><br>Appeal from the Perry Circuit Court<br><br>The Honorable William E. Weikert, Special Judge<br><br>Trial Court Cause No.<br>62C01-1201-DR-23 |

**FILED**

Jan 12 2016, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

**Robb, Judge.**

## Case Summary and Issues

[1]     In 2008, the marriage of Michael Hays ("Father") and Shanna Hays

("Mother") was dissolved pursuant to a Stipulated Decree of Divorce

("Decree") in the State of Wyoming. The Decree made provisions for the

custody and support of the parties' three children, fixing Father's arrearage

through November 2007 at $27,372.00 and ordering him to pay support of

$777.00 per month. In 2011, Father filed petitions for modification of child custody and visitation in both Wyoming and Wisconsin, where he and the parties' oldest child then resided. Wyoming transferred jurisdiction of the proceeding to Wisconsin. In January 2012, Mother registered the Decree and petitioned for modification of child support in Indiana, where she and two of the children were residing. The parties agreed Wisconsin would have jurisdiction regarding the oldest child and Indiana would have jurisdiction regarding the two younger children. Father then filed a petition to determine his child support arrearage in the Wyoming court. The Wyoming court—after a hearing Mother did not attend—reduced Father's arrearage to $0.00. Father was eventually given legal custody of all three children. In December 2014, on Mother's Trial Rule 60(B) motion, the Indiana court declared the Wyoming court's order on Father's arrearage null and void.

[2]     At the end of 2012, both parties requested allocation of the tax deductions for the children. At the beginning of 2013, the trial court ordered that neither party claim the children as dependents on their federal, state, or local tax returns pending further order of the court. The trial court's December 2014 order is silent as to the tax exemptions and the order that neither party claim the children on their taxes remains in effect.

[3]     Father now appeals, raising two issues for our review: 1) whether the trial court erred in declaring the Wyoming order on arrearage to be null and void; and 2) whether the trial court erred in failing to address the tax exemptions. Concluding the trial court's grant of Trial Rule 60(B) relief to Mother by

declaring Wyoming's arrearage determination null and void is erroneous, we reverse. Concluding further that the trial court's order precluding either party from taking the dependent exemption on their taxes should be vacated, we remand.

# Facts and Procedural History

[4] Father and Mother were divorced in Wyoming in February 2008. Their Stipulated Decree of Divorce included the following relevant provisions regarding child support for their three children, N., R., and T.:

> It is proper for Mother to have primary custody, care and control of the minor children, subject to . . . reasonable visitation by [Father].
> * * *
> The parties have agreed that [Father] shall pay child support to [Mother] in the amount of $777.00 per month. [Father] shall commence paying child support on December 1, 2007. Father may be liable for child support arrearages since November 28, 2004. Such arrearages shall be subject to the agreement between the parties as stated below.
> * * *
> It is further ordered, adjudged and decreed that . . . [a]ll child support payments shall be paid to the Clerk of District Court . . . Newcastle, Wyoming . . . . The Clerk shall forward the support payments to [Mother] at the address supplied by [Mother].
>
> It is further ordered, adjudged and decreed that in order to facilitate payment of child support, immediate income withholding is required.
> * * *
> d. Enforcement. Wyoming Statute § 20-2-113 provides that any

installment of child support not paid when due shall automatically become a judgment against the obligated parent on the due date. Wyoming Statute § 1-16-103(b) makes child support not paid within 32 days of the due date subject to a ten percent (10%) late payment penalty. . . .

e. Changes. For good cause (See Wyoming Statute § 20-2-311) either party may petition the court for a modification of support. The parents may agree to increase the obligated parent's child support obligation and, if no public funds are being expended for the support of their children, they may agree to reduce the obligated parent's child support obligation. Any modification agreement must be in writing, signed by both parties, and accompanied by a financial affidavit on a form approved by the Wyoming Supreme Court. The agreement and affidavits may be filed with the clerk and must be approved by the court. Regardless of the parties' agreement, modification of child support is not effective unless it is approved by a written order of the court.

f. Child Support Arrearages. The parties agree there is a time-value to money and agree any arrearages which may be owed to Mother shall be reduced if paid as specified below. The parties hereby agree that in exchange for sixteen thousand dollars ($16,000.00) cash, payable as follows, Mother shall waive any arrearages which may be owed to her. Father shall pay two thousand dollars ($2,000.00) to Mother upon the entry of this order. Father shall then pay the remaining fourteen thousand dollars ($14,000.00) within six (6) months of the entry of this order. If Father fails, neglects, or refuses to pay the entire sixteen thousand dollars ($16,000.00) within six (6) months after entry of this order, the full sum of twenty-seven thousand three hundred seventy-two dollars ($27,372.00) shall become immediately due and payable by Father to Mother. This sum, if it becomes due and payable, shall be considered to reflect the unpaid child support (arrearages) from December, 2004, through November,

2007. This sum is and shall be a judgment by operation of law pursuant to Wyo. Stat. § 20-2-310(c). The judgment shall bear the statutory rate of interest beginning six (6) months and one (1) day from the entry of this Order.

Appellant's Appendix at 137, 141-44 (emphasis omitted).

[5] Soon after the divorce, Mother moved to West Virginia with the children. In mid-2008, Mother and the children moved to Indiana. At some point prior to August 2009, Father moved to Wisconsin; in August 2009, N. went to live with Father. Mother consented to the arrangement but there was no court order formally modifying custody.

[6] In July 2011, Father filed in the Wyoming court a petition for modification of child custody and visitation requesting primary physical custody of all three children be modified. Mother moved to dismiss the petition for lack of jurisdiction and because Wyoming was an inconvenient forum, citing provisions from Wyoming's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"). *See id.* at 167-68 (citing Wyo. Stat. Ann. §§ 20-5-302, -307). Then, in September 2011, Father filed a petition for modification of child custody and visitation in a Wisconsin court. Following a hearing, the Wisconsin court issued an order on November 2, 2011, finding that Wisconsin was the home state of Father and N.; Indiana was the home state of Mother and the other two children, but no action regarding custody had been commenced in Indiana; and Wyoming was no longer the home state of either party or their children. Accordingly, "the Court finds it has jurisdiction and

Wisconsin is a proper forum to modify the parties' previous Wyoming order regarding legal custody and physical placement of the parties' minor children." *Id.* at 187 (citing Wis. Stat. ch. 822.32(2), Wisconsin's version of UCCJA). On November 28, 2011, the Wyoming court issued an order transferring jurisdiction to Wisconsin.

[7] In January 2012, Mother registered the Decree in Perry County, Indiana, and filed a petition to modify Father's parenting time and child support. Father initially objected to the Indiana court's jurisdiction, but in May 2012, the parties agreed that Wisconsin would continue to have jurisdiction regarding N., and Indiana would have jurisdiction regarding R. and T. Father then filed a petition to modify custody of R. and T. in the Indiana court. In August 2012, the Wisconsin court issued an order granting temporary legal and physical custody of N. to Father, stating, "[n]o child support for the parties' minor child [N.] is ordered at this time." *Id.* at 189.

[8] On June 13, 2012, Father filed a petition to determine child support arrears in the Wyoming court, alleging:

> 1. That the [Wyoming court] ordered [Father] to pay child support to [Mother] in the Stipulated Decree of Divorce in February of 2008 for the parties [sic] minor children.
> * * *
> 4. [Father] made frequent and regular payments, some to [Clerk of the Wyoming court], some as cash deposits, or in-kind directly to [Mother].

5. Said payments of cash and deposits were not made through the Clerk of Court, and should be credited to [Father].

6. The Clerk of Court currently calculates an arrearage in excess of $37,303.19.

*Id.* at 50.  The Wyoming court held a hearing in December 2012, which Father attended with counsel.  Mother "did not appear and, after proper service, was defaulted." *Id.* at 71.  Mother filed an objection to the default order in January 2013, alleging she was unable to appear in person at the hearing because she lacked the financial means to travel to Wyoming.  In February 2013, the Wyoming court issued a Default Order and Determination of Child Support Arrears, finding that "for the reasons given in that certain Decision Letter dated February 5, 2013, . . . the child support arrears in this case are $0, through February 28, 2013." *Id.* at 201.  The Decision Letter states,

> The court has considered the Objection to Default Order and Determination of Child Support Arrears [Mother] recently filed . . . .  The court cannot grant the relief she has requested. Following a thorough inquiry of the other jurisdictions potentially involved in this matter, the court has concluded that it does have jurisdiction over the child support arrears determination.  Further, the court conducted a hearing on December 19, 2012 at which [Mother] had the opportunity to attend.  The court understands it was financially not possible for [Mother] to travel to Wyoming but she could have appeared by telephone.  The court is aware that [Mother] did, in fact, telephone with respect to that hearing, albeit after the hearing had concluded and too late for her to participate.

Beyond that belated telephone call, however, [Mother] did nothing with respect to this case. She did not file an answer or provide any information that could assist the court in its determination. Therefore, the court must enter its order based only upon the evidence provided by [Father]. The court finds that he has made financial contributions toward the maintenance of the parties' children by making payments to various people . . . .

Given that many of the transfers of funds and payments were directed to individuals other than [Mother] (those payees being the children's grandparents who were providing homes for the children), it would be inequitable to permit any such payments to inure to the detriment of [Mother] by characterizing them as overpayments made by [Father]. Therefore, the court will determine only that the current child support arrears have been reduced to $0 through February 28, 2013. . . . The parties are reminded that there is a current child support order, that being $777 per month, and that obligation is not modified in any way by the court's decision here.

*Id.* at 72-73.

[9] On February 25, 2013, the Indiana court issued an order on an emergency hearing which was primarily for the purpose of addressing Father's parenting time with R. and T. However, several other pending motions were also addressed in the order. First, the trial court did not enter an interim order for child support as Mother requested: "Because the Court did not have sufficient time to hear evidence to modify any prior support orders, the current order shall remain in effect. Father's [sic] shall pay $777.00 a month as previously ordered . . . ." *Id.* at 82. Second, with respect to tax deductions for the children, the

trial court ordered that "[p]ending further order from this Court, neither party shall claim the child(ren) as dependents/exemptions on their federal, state or local tax returns." *Id.* On April 17, 2013, the Indiana court ordered Father to begin making his child support payments through the Clerk of Perry County, Indiana. At an emergency hearing on August 27, 2013, the Indiana court ordered that Father have custody of R. and T. The court declined to issue any orders as to child support and took that matter under advisement.

[10] On August 18, 2014, Mother filed in the Indiana court an Indiana Trial Rule 60(B) Motion, seeking relief from the Default Order and Determination of Child Support Arrears issued by the Wyoming court in 2013. Mother alleged the Wyoming court "did not have subject matter or personal jurisdiction over the parties at the time the Decision Letter was issued and the Default Order and Determination of Child Support Arrears was entered," and the Wyoming order "should be set aside for one or more of the reasons specified in Indiana Trial Rule 60(B)." *Id.* at 192. On the same date, Mother filed in the Indiana court a Motion to Determine Child Support Arrearage, citing the child support and arrearage provisions from the Decree, alleging Father had failed and/or refused to comply with the requirements imposed by that paragraph, and requesting the Indiana court determine Father's arrearage and reduce it to judgment in Mother's favor.

[11] On December 22, 2014, the Indiana court issued an order on various pending matters. After recounting the proceedings as described above, the trial court entered the following conclusions of law:

1. The Stipulated Decree of Divorce in Wyoming on February 6, 2008, stated "Regardless of the parties' agreement, modification of child support is not effective unless it is approved by a written order of the Court.["]

2. Although case law may allow the Court to enter a modification of the support order based on particular circumstances, this Court will not do so because the parties specifically agreed to the provision contained in Paragraph 1.

3. Retroactive modification of support as requested by [Father], based upon the exceptions provided by case law, shall not be granted because those exceptions are discretionary with the Court, and the Court has stated it will follow the dictates of the Stipulated Divorce Decree which specifically prohibits that exception. There was no written Court order changing support until the Wisconsin Court properly addressed that issue regarding [N.] by its order of August 13, 2012.

4. Any argument that Wyoming continues to have jurisdiction over support issues is not founded on the facts. [Father's] petition to modify in Wyoming, filed July 21, 2011, requested "modification of visitation and support as to the parties' [minor] children."

5. On November 28, 2011, when the Wyoming Court ruled that "jurisdiction in this matter is transferred to the State of Wisconsin" it transferred all issues, including custody, parenting time, and support. There is no reasonable argument that could be made that Wyoming transferred all issues except support. The support order in effect when jurisdiction was transferred to Wisconsin was that [Father] was to pay $777.00 per month to [Mother].

6. The Wyoming decree of dissolution was properly registered in the Perry County [Indiana] Circuit Court on February 20, 2012.

7. On May 21, 2012, the parties agreed that Wisconsin would have jurisdiction over [N.], who was at that time living with [Father], and that Indiana would have jurisdiction over [R.] and [T.] who were living with [Mother] in Indiana.

8. The enforceable support order at this time was still that [Father] owed [Mother] $777.00 per month.

9. On June 14, [2012], [Father] requested the Wyoming Court to determine child support arrearage in Wyoming. [Mother] was defaulted and the Wyoming Court forgave [Father] of $37,303.19 in support arrearage. The Court grants [Mother's] Indiana Trial Rule 60(B) motion filed August 18, 2014.

10. The Wyoming Court relinquished its jurisdiction on November 28, 2011 when it transferred jurisdiction to Wisconsin. The Wyoming order forgiving [Father] of any support arrearage is null and void.

11. However, since the divorce decree had been properly registered in Indiana, its terms, in particular the support order that [Father] pay [Mother] $777.00 per month was still in effect.

12. The first change in the child support order of the divorce decree occurred on August 13, 2012 when the Wisconsin Court ordered that [N.] was in the legal custody of [Father], and that there would be "no child support for the mother at this time."

13. Effective August 13, 2012, [Father's] obligation to pay child support to [Mother] was reduced by one-third. The Wisconsin Court order satisfies the original divorce decree from Wyoming that no change in the support order would be allowed without a court order.

14. [Father's] obligation to pay child support in the sum of $777.00 per month continued until August 13, 2012, when it was reduced by the Wisconsin Court order to two-thirds of $777.00 ($518.00).

15. There is no current obligation for [Mother] to pay support for [N.] nor will there be unless Wisconsin addresses this issue.

16. This Court gave [Father] custody of [R.] and [T.] on August 27, 2013. This Court considered that to be a sufficient court order to terminate [Father's] obligation to pay support to [Mother] after that date.

17. [Father] had no support obligation to [Mother] since August 27, 2013.

18. Since all three children reside in Wisconsin, the Wisconsin Court should decide any child support order against [Mother].

19. The Court will hold an evidentiary hearing to determine the

amount of support arrearage [Father] owes based upon the following findings:

> (a) The Wyoming Court's forgiveness of arrearage owed by [Father] is declared null and void.
> (b) [Father's] obligation to pay $777.00 per month continued until August 13, 2012, when the Wisconsin Court gave [Father] custody of [N.] and ordered no support for [N.] at that time.
> (c) After August 13, 2012, [Father] owed [Mother] $518.00 per month until this Court gave [Father] custody of [R.] and [T.] on August 27, 2013.
> (d) Since August 27, 2013, [Father] has owed no support.
> (e) Currently [Mother] owes no support.
> (f) The evidentiary hearing will be to determine the amount of support [Father] has paid from the beginning which will determine the current amount of support arrearage.

*Id.* at 25-28. Father now appeals.[1]

---

[1] Although the trial court's order leaves the amount of Father's arrearage to be determined, this is nonetheless a final appealable order. *See* Ind. Appellate Rule 2(H)(3) ("A judgment is a final judgment if . . . it is deemed final under Trial Rule 60(C) . . . ."); Ind. Trial Rule 60(C) ("A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment.").

# Discussion and Decision

## I. Child Support

### A. Standard of Review

[12] Mother filed a Trial Rule 60(B) motion for relief from the judgment of the Wyoming court determining Father's child support arrearage. Trial Rule 60(B) allows for relief from a judgment or order if, among other reasons, the judgment is void. Ind. Trial Rule 60(B)(6). "A void judgment is a nullity, and typically occurs where the court lacks subject matter or personal jurisdiction." *Fry v. Fry*, 8 N.E.3d 209, 214 (Ind. Ct. App. 2014) (citation and alteration omitted). Generally, we review a trial court's ruling on a Trial Rule 60(B) motion for an abuse of discretion. *D.L.D. v. L.D.*, 911 N.E.2d 675, 678 (Ind. Ct. App. 2009), *trans. denied*. However, when the motion alleges the judgment is void, "discretion on the part of the trial court is not employed because either the judgment is void or it is valid." *Id.*

[13] Because the trial court's order granting Mother's Trial Rule 60(B) motion had the effect of declaring the judgment of another state null and void, we must consider the Full Faith and Credit Clause of the United States Constitution, which mandates that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Full faith and credit means the judgment of a state court should have the same validity and effect in every state of the United States as it had in the state where it was made. *Gardner v. Pierce*, 838 N.E.2d 546, 550 (Ind.

Ct. App. 2005).  Indiana has codified the requirements of the Full Faith and Credit Clause:  "Records and judicial proceedings . . . shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated."  Ind. Code § 34-39-4-3(b).  "The judgment of a sister state, regular and complete upon its face, is prima facie valid."  *Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343, 348 (Ind. 2001) (citation omitted).  A foreign judgment is open to collateral attack for want of jurisdiction, however.  *Gardner*, 838 N.E.2d at 550.  An Indiana court may inquire into the jurisdictional basis for a foreign judgment, and if the first court did not have subject matter or personal jurisdiction, full faith and credit need not be given to the judgment.  *Id.* The scope of review is limited and "does not entail de novo review of the jurisdictional issue" by the Indiana court.  *N. Ind. Commuter Transp. Dist. v. Chicago S. Shore & S. Bend R.R.*, 685 N.E.2d 680, 685 (Ind. 1997).  "[I]f jurisdiction was 'fully considered' and 'finally determined' in the first state," full faith and credit must be given "even where the first court's conclusion as to jurisdiction was erroneous as a matter of law."  *Id.* at 686.

## B. UIFSA

[14]     This case involves a child support order and multiple jurisdictions.  The Uniform Interstate Family Support Act ("UIFSA") is a uniform law, adopted by all United States jurisdictions, supplying procedural and jurisdictional rules for establishing, enforcing, and modifying child support orders nationwide. *Hamilton v. Hamilton*, 914 N.E.2d 747, 751 (Ind. 2009).  Together with the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), 28 U.S.C. §

1738B, UIFSA provides a mechanism for cooperation between state courts to ensure that in every case only one state exercises jurisdiction over making and modifying a child support order at any given time.[2] *See Hamilton*, 914 N.E.2d at 751; *Harris v. Harris*, 922 N.E.2d 626, 637 (Ind. Ct. App. 2010). UIFSA provides a procedure for registering a child support order from one state (the "issuing state") in another state (the "responding state"). UIFSA § 602. Once registered, the child support order may be enforced by the responding state but may not be modified by the responding state unless all of UIFSA's requirements are met. UIFSA §§ 603, 611, 613. Indiana's version of the UIFSA is found at Indiana Code chapter 31-18.5-1. *See also* Wis. Stat. ch. 769; Wyo. Stat. Ann. § 20-4 *et seq.*

[15] FFCCSOA provides that a state which first issues a child support order retains continuing, exclusive jurisdiction over the judgment and all other states shall enforce the order according to its terms under most circumstances. 28 U.S.C. § 1738B(a)(1), (d). "'[C]hild support' means a payment of money, continuing support, or arrearages or the provision of a benefit . . . for the support of a child." 28 U.S.C. § 1738B(b)(4); *accord* Ind. Code § 31-18.5-1-2(28) (defining "support order" to mean a judgment, decree, or order "which provides for monetary support, health care, arrearages, retroactive support, or reimbursement . . . [and] may include related costs and fees, interest, income

---

[2] The existence of a federal statute and the uniform law covering the same subject "is apparently an accident of history," but they are intended "to be viewed as complementary and duplicative, not contradictory." *Hamilton*, 914 N.E.2d at 751.

withholding, automatic adjustment, reasonable attorney's fees, and other relief"). UIFSA also hinges on the concept of "continuing, exclusive jurisdiction" and the "subtle distinction" between continuing, exclusive jurisdiction to modify a child support order and the continuing jurisdiction to enforce an order. UIFSA § 206 cmt. UIFSA limits modification powers to the one tribunal with continuing, exclusive jurisdiction, but acknowledges continuing jurisdiction to enforce an order may exist in multiple tribunals.

[16] Both enforcement and modification of a child support order outside of the issuing state begin with registering the order in the responding state. UIFSA § 602 (procedure to register an order for enforcement); § 609 (registration for modification uses same procedure as for enforcement). With respect to enforcement, "[a] keystone of UIFSA is that the power to enforce the order of the issuing tribunal is not 'exclusive' with that tribunal. Rather, on request one or more responding tribunals may also exercise authority to enforce the order of the issuing tribunal." UIFSA § 206 cmt. "A basic principle of UIFSA is that throughout the process the controlling order remains the order of the tribunal of the issuing state . . . until a valid modification. The responding tribunal only assists in the enforcement of that order." UIFSA § 604 cmt. The law of the responding state controls with regard to enforcement procedures, but the law of the issuing state governs the nature, extent, amount, and duration of current payments; the computation and payment of arrearages and interest; and the existence and satisfaction of other obligations under the child support order. UIFSA § 604; *accord* Ind. Code § 31-18.5-6-4. "Thus, the calculation of whether

the obligor has fully complied with the payment of current support, arrears, and interest on arrears is also the duty of the issuing tribunal. . . . [T]he law of the issuing state . . . governs whether a payment made for the benefit of a child . . . should be credited against the obligor's child support obligation." UIFSA § 604 cmt.

[17] UIFSA's "most crucial provision" concerns the power to modify:

> As long as one of the individual parties or the child continues to reside in the issuing state, and as long as the parties do not agree to the contrary, the issuing tribunal has continuing, exclusive jurisdiction over its child-support order—which in practical terms means that it may modify its order.

UIFSA § 205 cmt.; *accord* Ind. Code § 31-18.5-2-5.[3]

---

[3] Indiana Code section 31-18.5-2-5 states:

    (a) An Indiana tribunal that has issued a child support order consistent with Indiana law has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and:

        (1) at the time of the filing of a request for modification Indiana is the residence of:

            (A) the obligor;

            (B) the individual obligee; or

            (C) the child for whose benefit the support order is issued; or

        (2) even if Indiana is not the residence of:

            (A) the obligor;

            (B) the individual obligee; or

            (C) the child for whose benefit the support order is issued;

    the parties consent in a record or in open court that an Indiana tribunal may continue to exercise jurisdiction to modify its order.

    (b) An Indiana tribunal that has issued a child support order consistent with Indiana law may not exercise continuing, exclusive jurisdiction to modify the order if:

> The other side of the coin follows logically[:] . . . if all the relevant persons—the obligor, the individual obligee, and the    child— have permanently left the issuing state, absent an  agreement the issuing tribunal no longer has an appropriate nexus  with the parties or child to justify the exercise of            jurisdiction to modify its child-support order. . . . *Note, however,  that the original order of the issuing tribunal remains valid and  enforceable.*  That order is in effect not only in the issuing state, but  also in those states in which the order has been registered. . . .  In  sum, the original order remains in effect until it is properly  modified in accordance with the narrow terms of [UIFSA  provisions for modification].

UIFSA § 205 cmt. (emphasis added).  "[T]he time to measure whether the issuing tribunal has continuing, exclusive jurisdiction to modify its order, or whether the parties and the child have left the state, is explicitly stated to be at the time of filing a proceeding to modify the child-support order."  *Id.* Although section 205 identifies how continuing, exclusive jurisdiction is retained or lost, that section does not confer jurisdiction on another tribunal. "Modification requires that a tribunal have personal jurisdiction over the parties and meet other criteria as provided [by UIFSA]."  *Id.*  In Indiana, the criteria for modifying a child support order originating in another state are found at Indiana Code sections 31-18.5-6-11 and 31-18.5-6-13.  "Modification" is not

---

(1) all of the parties who are individuals file consent in a record with the Indiana tribunal that a tribunal of another state that has jurisdiction over at least one (1) of the parties who is an individual or that is located in the state of residence of the child may modify the order and assume continuing, exclusive jurisdiction; or

(2) its order is not the controlling order.

*See also* Wyo. Stat. Ann. § 20-4-146.

defined by UIFSA, but it is defined by FFCCSOA to mean "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order." 28 U.S.C. § 1738B(b)(8).

## C. Application of UIFSA

[18] The trial court granted Mother's Trial Rule 60(B) motion for relief from the Wyoming determination of Father's child support arrearage upon finding that the Wyoming court "relinquished its jurisdiction on November 28, 2011 when it transferred jurisdiction to Wisconsin" and that "[a]ny argument that Wyoming continues to have jurisdiction over support issues is not founded on the facts." Appellant's App. at 26-27. The trial court's order misunderstands the procedural history of this case and misinterprets UIFSA.

[19] The proceedings which culminated in the November 28, 2011 order from the Wyoming court are irrelevant to the question that was before the trial court and is now before this court with respect to child support. Father's petitions to modify, filed in Wyoming in July 2011 and in Wisconsin in September 2011,[4] concern only the custody of the children. The petition is captioned, "Petition for Modification of Child Custody & Visitation." As the trial court noted in its order, the opening paragraph of Father's petition to modify does say he

_____

[4] The two petitions are identical, but for the Wyoming petition being submitted by counsel and the Wisconsin petition being submitted pro se. Appellant's App. at 150-51 (Wyoming petition), 182 (Wisconsin petition).

"petitions the Court for a modification of visitation and support." *Id.* at 150. However, the substance of the petition concerns primarily custody and collaterally, visitation. Father asserts circumstances have materially changed making it necessary that the provisions of the Decree "for the care, custody, and control of the minor children" be modified and alleges several facts regarding past and current visitation and the children's living arrangements that demonstrate such changed circumstances. *Id.* at 151. He requests as relief that the court "Modify Custody to award Primary Physical Custody to [Father] [and] Determine [Mother's] visitation rights as in the best interests of the children." *Id.* Support is not mentioned either explicitly or implicitly outside of opening paragraph. Mother's response to Father's Wyoming petition exclusively addresses the provisions and application of UCCJA to the Wyoming court's jurisdiction. *See id.* at 167-81. The Wisconsin court's order on Father's petition to modify finds, based on Wisconsin's version of UCCJA, that Wisconsin has jurisdiction and is the "proper forum to modify the parties' previous Wyoming order *regarding legal custody and physical placement* of the parties' minor children." *Id.* at 187 (emphasis added) (citing Wis. Stat. § 822.23(2)).

[20] This situation is similar to that presented in *Tisdale v. Bolick*, 978 N.E.2d 30 (Ind. Ct. App. 2012). Indiana granted a divorce to the parties and gave custody of the children to the mother. The mother later moved to South Carolina with the children and filed in Indiana a petition to transfer jurisdiction, citing Indiana's UCCJA provision regarding inconvenient forum (a concept which

does not exist in UIFSA), and referencing only custody and parenting time, not child support. The Indiana court issued an order ceding jurisdiction of parenting time and custody issues to South Carolina and making no reference to child support issues. When the father later filed in Indiana a petition to modify child support, the court summarily concluded it was without jurisdiction to hear the petition. We reversed, noting that the UCCJA specifically excludes from its definition of a "child custody determination" an order relating to child support, *see* Ind. Code § 31-21-2-4(b), and allows a court to decline to exercise its jurisdiction over a child custody determination "while still retaining jurisdiction over the dissolution of marriage or other proceeding," Ind. Code § 31-21-5-8(d). *Tisdale*, 978 N.E.2d at 35. Therefore, the father was correct "that matters of child support are governed by an entirely different Act—the [UIFSA,]" and the Indiana court was directed to hold a hearing to determine whether it retained the continuing, exclusive jurisdiction over child support issues it obtained when it issued a decree containing a support order. *Id.* at 35-36.

[21] Similar to *Tisdale*, the Wyoming court's November 28, 2011, order ceded jurisdiction to the Wisconsin court only of child custody matters pursuant to UCCJEA and did not divest it of jurisdiction over child support issues. That is a separate inquiry to be made under UIFSA.

[22] The three states involved in this dispute have all adopted UIFSA. In 2008, the parties were divorced in Wyoming and orders were made by the Wyoming court concerning the support of the parties' three children as part of the Decree.

Wyoming, as the issuing state, had continuing, exclusive jurisdiction to modify its child support order unless and until it lost that jurisdiction. Wyo. Stat. Ann. § 20-4-146. The time for determining whether Wyoming had continuing, exclusive jurisdiction to modify its order is at the time a proceeding to modify the child support order was filed. In this case, Mother simultaneously registered the Decree and petitioned for modification of child support in Indiana in January 2012. Both parties and all the children had left Wyoming by this time. Therefore, Wyoming no longer had continuing, exclusive jurisdiction to modify child support. Wyo. Stat. Ann. § 20-4-146(b).

[23] Regardless of whether Wyoming had continuing, exclusive jurisdiction to *modify* the child support order, however, it had continuing jurisdiction to *enforce* the order. And pursuant to UIFSA section 604, the "computation and payment of arrearages" is the duty of Wyoming as the issuing state and is governed by Wyoming law. *See* Ind. Code § 31-18.5-6-4; Wyo. Stat. Ann. § 20-4-176. Moreover, when a court in a sister state fully considers and finally determines jurisdiction, even if the determination is erroneous, we must give the judgment full faith and credit. *See N. Ind. Commuter Transp. Dist.*, 685 N.E.2d at 686. Here, the Wyoming court order states the court conducted "a thorough inquiry of the other jurisdictions potentially involved in this matter [and] concluded that it does have jurisdiction over the child support arrears determination." Appellant's App. at 72. Indiana may not reconsider the Wyoming court's determination regarding jurisdiction. *See N. Ind. Commuter Transp. Dist.*, 685 N.E.2d at 685.

[24] As to the merits of the Wyoming decision, the trial court characterized the order as "forgiving" Father's arrearage which it apparently equates with retroactively modifying it. *Id.* at 27-28. Although retroactive modification is not allowed, *see* Wyo. Stat. Ann. § 20-2-311(d), there is a difference between retroactive modification of a child support order and a credit toward a child support obligation. The Wyoming court heard evidence of Father's "financial contributions toward the maintenance of the parties' children *by making payments* to various people" and determined Father's "current child support *arrears have been reduced* to $0." Appellant's App. at 72-73 (emphasis added). The taking of evidence regarding payment and the finding that the payments reduced the arrearage indicates the Wyoming court was not retroactively modifying the arrearage, but was giving Father a credit toward his arrearage for payments made outside the strict parameters of the Decree (which required payment to the county clerk via income withholding order). The Wyoming judgment regarding Father's child support arrearage is regular and complete on its face and is therefore prima facie valid. *See Tom-Wat, Inc.*, 741 N.E.2d at 348. Moreover, it is not for an Indiana court to decide if the Wyoming order is in error. Mother's recourse was through the appellate process in Wyoming, not through a collateral attack in Indiana of a sister state's order. The Wyoming order, issued in February 2013, was final when it was unchallenged in that state. *See* Wyo. R. App. P. 2.01(a) ("An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal . . . within 30 days from entry of the appealable order . . . ."); *see also Aldrich v. Aldrich*, 378 U.S. 540, 543 (1964) (finding that although a Florida trial court had issued an

erroneous order regarding alimony, a West Virginia trial court was required to give full faith and credit to the decree because the Florida court had personal and subject matter jurisdiction over the issue and its decision had become final after the time for appeal elapsed).

[25] The trial court's grant of Trial Rule 60(B) relief to Mother was erroneously premised on its belief Wyoming lacked jurisdiction over the child support order and impermissibly modified arrearage retroactively. The trial court's order declaring the Wyoming order null and void is reversed.

## II. Tax Exemptions for Dependents

[26] On February 25, 2013, the Indiana trial court ordered, in part, that neither party was to take the tax exemption for the parties' children pending further order of the court. The issue has never been decided by the trial court and the moratorium remains in effect. Father requests the trial court vacate its order enjoining either party from claiming the children as dependents. Mother did not respond to Father's argument on this issue.[5]

[27] "The federal tax code automatically grants to a custodial parent the dependency exemption for a child but permits an exception where the custodial parent executes a written waiver of the exemption for a particular tax year." *Quinn v.*

---

[5] Accordingly, Father need only show prima facie error. *See Khaja v. Khan*, 902 N.E.2d 857, 868 (Ind. Ct. App. 2009) (noting that an appellee's failure to respond to an issue raised by the appellant is akin to failing to file a brief as to that issue and we may reverse upon a showing of prima facie error on that issue).

*Threlkel*, 858 N.E.2d 665, 674 (Ind. Ct. App. 2006). A trial court may, in its "equitable discretion," order the custodial parent to sign a waiver of the dependency exemption. *Id.*; *see also* Ind. Child Support Guideline 9 ("[T]he court cannot award an exemption to a parent, but the court may order a parent to release or sign over the exemption for one or more of the children to the other parent . . . ."). Here, the trial court had been asked – by both parties – to allocate the tax exemptions for 2012. Not only did the trial court not do so, but it entered an order in January 2013 precluding either party from taking the exemptions until further order of the court and then never determined who should take the exemptions for 2012 or any subsequent year.[6] Either party could have and should have brought this outstanding issue to the trial court's attention, as three tax years have now passed since the trial court's order and presumably, the exemptions have gone unclaimed. Regardless, Father is correct that the trial court's order should be vacated so the tax exemptions for 2012 and subsequent years can be allocated.[7]

---

[6] It appears the trial court initially anticipated addressing the issue at a hearing scheduled shortly after the order was entered but that hearing was vacated. *See* Appellant's App. at 86 (trial court order stating neither party was to claim the exemption "[p]ending the January 30, 2013 hearing"), 87 (chronological case summary entry vacating January 30, 2013, hearing due to a criminal trial). The issue again arose at a February 25, 2013, hearing, following which the trial court entered an order again enjoining either party from claiming the exemptions pending further order of the court. *See id.* at 82. That outstanding issue, among others, was to be addressed at a telephonic attorney conference. *See id.* That is the last entry from the trial court on the issue.

[7] As Father points out, tax returns may be amended for up to three years, so the exemptions for past years are not necessarily lost. *See* 26 U.S.C. § 6511(a).

# Conclusion

The trial court erred in finding the 2013 order of the Wyoming court enforcing the child support order it issued in 2008 was null and void. Accordingly, the trial court's grant of Trial Rule 60(B) relief to Mother is reversed. In addition, the trial court's 2013 order precluding either party from taking tax exemptions for the children until further order of the court must be vacated.

Reversed and remanded.

Vaidik, C.J., and Pyle, J., concur.